### OLIPHANT et al. v. CRANE.

No. 8571—Opinion Filed May 14, 1918.

(172 Pac. 1073.)

**1. Pleading—Judgment on Pleading.**

A motion for judgment on the pleadings is in the nature of a demurrer, and has the effect of testing the sufficiency of the pleadings, and presenting to the court as a question of law whether the facts alleged constitute a defense to the plaintiff's cause of action.

**2. Same.**

Although the answer of defendants contained a general denial, this was qualified by other allegations therein contained which admitted all the essential facts necessary to authorize a judgment in plaintiff's favor, and it was not error to sustain a motion for judgment on the pleadings.

(Syllabus by Galbraith, C.)

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by J. E. Crane, as administrator of the estate of Laura Crane, against John A. Oliphant and C. B. Lynch. Judgment for plaintiff, and defendants bring error. Affirmed.

Robinson & Mieher, for plaintiffs in error.

S. E. Gidney, for defendant in error.

Opinion by GALBRAITH, C. This was an action against the sureties on a supersedeas bond executed upon an appeal to the Supreme Court of the state from a judgment of the trial court.

The substantial facts alleged in the petition were that Laura Crane on the 17th day of January, 1910, recovered a judgment against the Merchants' & Planters' Insurance Company, in the sum of $700, interest and costs, in the county court of Muskogee county; that the insurance company appealed from that judgment to the Supreme Court

of Oklahoma, and in order to stay execution thereon pending the appeal executed a supersedeas bond in the sum of $1,400, conditioned as provided by statute, with the company as principal and the plaintiffs in error, Oliphant and Lynch, as sureties thereon; that the bond was approved by the judge of the trial court on the 18th day of February, 1910; that by virtue of the filing and approval of said bond the judgment was superseded; that on the 19th day of November, 1912, the Supreme Court affirmed the judgment appealed from; that demand had been made on the principal and each of the sureties for payment of the judgment, and that each had failed and refused to pay the same; that the Merchants' & Planters' Insurance Company was adjudged insolvent by the district court of Tulsa county April 21, 1910, and a receiver appointed therefor; that the receivership was still pending; that Laura Crane died intestate in December, 1912, in Muskogee county, Okla., and on January 30, 1913, J. E. Crane was appointed administrator of her estate, and had qualified as such, and was authorized to maintain the action. The prayer was for judgment against Oliphant and Lynch on the bond for the amount of the judgment recovered by Laura Crane against the Merchants' & Planters' Insurance Company, interest and costs.

The answer was: First. A general denial. Second. An admission of the execution of the bond sued on, and that at the time alleged in the petition, the Merchants' & Planters' Insurance Company was a corporation engaged in the fire insurance business in the state of Oklahoma, and that judgment was recovered by Laura Crane against the insurance company, as stated in the petition, and that said judgment had been affirmed on appeal to the Supreme Court. Third. It was denied that the sureties on the bond in suit agreed and thereby bound themselves to pay the condemnation money and costs adjudged against the Merchants' & Planters' Insurance Company, in case said judgment should be affirmed in whole or in part by the Supreme Court, but alleged the facts to be that by the provisions of said bond the sureties were bound to pay the amount of the judgment upon affirmance of same by the Supreme Court only in case the Merchants' & Planters' Insurance Company failed to pay the same; that while the Merchants' & Planters' Insurance Company had been placed in the hands of a receiver, it was not insolvent, and had assets far in excess of its liabilities, and that the said corporation was wrongfully placed in the

hands of a receiver, and denied that the conditions of the bond in suit had been breached, and as reasons for such denial alleged that the insurance company is and has been solvent, and still had ample assets out of which to satisfy the judgment obtained by Laura Crane, and that the plaintiff had failed and neglected to cause such judgment to be satisfied out of such assets and that such judgment was a preferred claim against the insurance company by reason of the fact that the plaintiff had caused a certified copy of the judgment against the insurance company to be filed in the office of the clerk of the district court of Cherokee county, Okla., thereby making such judgment a valid lien upon all the real estate owned by the insurance company in said county, consisting of 410 acres of land, and that such real estate was worth more than the amount of the judgment, including interest and costs, and that said land would sell for an amount in excess of the judgment, at a forced sale; that there had been no reason or excuse for the plaintiff's failure to satisfy said judgment from the assets above mentioned, and that their failure to do so constituted laches upon the part of the plaintiff; and that it would be unjust, inequitable, and contrary to the law to permit the plaintiff to enforce payment of said indebtedness by the defendants herein as sureties upon such bond.

The prayer was for judgment; that the action be dismissed at the plaintiff's costs.

Thereupon plaintiff in the court below, filed a motion or judgment upon the pleadings on the ground that it appeared from the answer that the plaintiff was entitled to the judgment prayed for. This motion was, by the court, sustained, and judgment entered as prayed in the petition. To review that judgment this appeal was prosecuted.

The only error presented by the assignments and urged in the brief is that the court erred in rendering judgment on the pleadings. An examination of the pleadings shows that this assignment is not well taken; that although the answer contained a general denial, this was qualified by other allegations of the answer which virtually admitted all the essential facts necessary to entitle the plaintiff to judgment as rendered by the trial court.

It was admitted in the answer that the judgment against the insurance company, in favor of Laura Crane, had been entered in the county court of Muskogee county; that an appeal had been taken by the insurance company to the Supreme Court of the state; that these sureties joined the insurance company in executing the supersedeas bond sued on; that the judgment appealed from had been affirmed by the Supreme Court, and that the same had not been paid.

Upon the authority of the case of Schuber et al. v. McDuffee. 67 Okla. 160, 169 Pac. 642, the judgment appealed from should be affirmed.

By the Court: It is so ordered.