## NIX v. GREEN et al.

No. 11743—Opinion Filed July 31, 1923.

Rehearing Denied Oct. 23, 1923.

(Syllabus.)

**1. Parties — Bringing in Necessary Parties.**

When it is made to appear that a determination of an action cannot be had without the presence of others not parties to the proceeding, and who are interested in the subject-matter of the litigation, the court must, on motion of the defendant, order them brought in and made parties to said cause.

**2. Frauds, Statute Of — Real Estate Partnership—Parol Evidence.**

An oral partnership agreement to share in the profits and losses arising from the purchase and sale of real estate is not within the statute of frauds; and the existence of such partnership, and the interest of members of the firm therein, may be established by parol evidence.

**3. Partnership — Realty—Action to Establish Interest—Tenancy in Common.**

Real estate belonging to a partnership is considered personalty, but where a suit is instituted the nature of which is to terminate the partnership and establish the interest of the parties, where the partnership is not indebted, the court has power to award all of the partners their respective interests in such real estate, and make them tenants in common without ordering the real estate sold and the profits divided.

**4. Same—Existence of Partnership.**

Where A. and B. orally agree to attend a government sale of surplus Indian lands,

and A. agrees to purchase certain lands to be selected by B., A. to pay the entire consideration for said lands, and the same to be improved by B. after said purchase, but A. to pay all the expenses of making said improvements, and B. in no event to be liable for any portion of said expense of purchasing or improving said lands, and where the lands are to be sold after making said improvements, and A. is to be refunded all expenses incurred in purchasing and improving said lands, and the balance, if any, to be divided equally between A. and B., held, a partnership did not exist between A. and B. in the ownership of said lands; held, further, that B. had no interest in said lands.

5. **Same — Interest in Land—Insufficiency of Pleading.**

Answer and cross-petition of defendant examined, and held, that the same does not state facts sufficient to entitle the defendant to any relief against plaintiffs.

6. **Pleading — Judgment on Pleadings—Admissions of Answer.**

Although the answer of defendant contained a general denial, this was qualified by other allegations therein contained which admitted all the essential facts to authorize a judgment in plaintiff's favor, and it was not error to sustain a motion for judgment on the pleadings.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by Mary I. Green and Martin Moore against W. B. Nix to remove a cloud and quiet title to lands of plaintiffs. From an order sustaining plaintiffs' motion for judgment on the pleadings, the defendant brings error. Affirmed.

Lewis C. Lawson and W. L. McFall, for plaintiff in error.

Crump & Hall, for defendants in error.

MASON, J. This action was brought by the defendants in error, Mary I. Green and Martin Moore, against W. B. Nix, plaintiff in error, to cancel of record a certain affidavit which plaintiff in error had placed of record in the office of the county clerk of Hughes county, which affected the title of said lands of defendants in error, and to quiet title to said lands. The parties will hereinafter be referred to as "plaintiffs" and "defendant", as they appeared in the trial court.

The defendant filed his answer and cross-petition, consisting of some 20 or 25 pages, which we will not set out in full, but which contains, in substance, about the following allegations:

The lands involved in this case were public lands belonging to the Choctaw Nation, and in December, 1912, were sold under the supervision of the federal government; that prior to this sale the defendant and one J. W. Green made and entered into a verbal contract or agreement between themselves, whereby they were to purchase some of such public lands then being advertised for sale by the government, and whereby said J. W. Green was to furnish the money to purchase the same and thereafter the money to improve said lands as were purchased under said agreement, and said defendant, on his part, was to select the lands and after the purchase was to go upon the same and put the same in cultivation and give his personal supervision to all matters pertaining thereto without compensation; that after said land was sold the defendant and J. W. Green were to share equally in the profits; that is, the difference between the purchase price of the land, plus the money advanced by J. W. Green for improvements, and the selling price thereof; that under and by reason of said contract and agreement, and after the same had been entered into, the defendant selected the lands in controversy and, on two different occasions, took the said J. W. Green to and on said lands for their examination, whereupon it was mutually agreed by them to purchase these specific lands at said public sale; that in pursuance thereof said J. W. Green and defendant, on the day of said sale, went to the town of Calvin where said lands were to be publicly sold for the purpose of buying same; that after arriving in the said town of Calvin, said J. W. Green informed the defendant that he had arranged with one Frank Moore to bid on said lands, and then and there induced the defendant to believe that said Moore was simply bidding on said lands for the use and benefit of said Green and Nix under said contract and agreement; that, at said sale, said Frank Moore did bid on said lands the sum of about $2,000, and the same was sold to him for said consideration, the same to be paid thereafter in various installments, the last of which was paid about the month of January, 1920, at which time said Moore was given a patent for said lands; that thereafter Frank Moore, under a pretended consideration of $2,000, executed a deed covering said lands to the plaintiffs, Martin Moore and Mary I. Green.

Further answering, the defendant states that after the purchase of said lands by said Frank Moore he had no knowledge or notice whatever that said Moore was claiming any interest whatever in said lands, and

that he acquired no notice or knowledge which time he placed an affidavit on record in said county, setting forth his rights and interest in said lands, the same being the affidavit complained of in the petition of plaintiffs, and which the plaintiffs seek to cancel and remove as a cloud on the title of said lands.

Defendant further alleges that upon said purchase of said lands he went to the said J. W. Green and insisted upon going upon said lands and improving same and putting the same in cultivation as was provided in said contract and agreement, whereupon said Green stated, in substance, that it was too late for that season and that they would wait until later and put said lands in cultivation for the next season; that, afterwards, said defendant again went to the said J. W. Green and insisted upon going on said lands and improving the same as had been agreed under said contract and agreement, whereupon said Green objected and declined to furnish the money for such improvements on the ground that money matters were close and that he did not have the means with which to make such improvements, and insisted upon waiting until the next spring; that on the next spring the defendant again went to said Green and insisted upon going upon said lands and carrying out his contract and agreement for the improvement and cultivation thereof, at which time said Green, for the first time, refused to comply with said contract and agreement, by reason of which said defendant was unable to carry out his part of said agreement; that from that time until the institution of this suit the defendant was ready, willing, and anxious at all times to go upon said lands and improve the same, and put the same in cultivation and do any and all things necessary to carry out his part of said contract and agreement, but was prohibited from so doing from the actions and conduct of said J. W. Green, Frank Moore, and the plaintiffs herein.

It is further alleged that the said Frank Moore and Martin Moore are brothers and were both present at said sale and had full knowledge and notice of said contract and agreement between the defendant and J. W. Green at the time of said sale and prior thereto; that the Moores combined and conspired with said J. W. Green to thus cheat and defraud the said Nix out of his rights and interest in said lands; that after said sale said Moores, with full notice and knowledge of the rights and interest of the said

defendant in and to said lands, took possession of said lands and put the same in cultivation without the consent of this defendant and have since kept the possession of said lands and, together with the said J. W. Green, they have received all the rents and profits therefrom.

It is further alleged that the plaintiff Mary I. Green is a daughter of the said J. W. Green, and was not an innocent purchaser of said lands; that she paid no part of the consideration for same, but that such consideration was paid by her father, the said J. W. Green: that the said Mary I. Green had full notice and knowledge of the rights of the defendant in said lands prior to the date of said deed and took said deed with such knowledge and notice of the rights and interest of the said defendant in and to said lands.

The defendant prayed for alternative relief. First, that he be decreed an absolute one-half interest in said lands; second, to be decreed a one-half interest in and to the profits, that is, the difference between the purchase and selling price, together with the money judgment for one-half of the rents and profits, the land having been improved since it was purchased by Frank Moore and Mary I. Green; third, or to be given and decreed a personal judgment against J. W. Green and Martin and Frank Moore.

The defendant also filed a motion that J. W. Green and Frank Moore be made parties defendant and be required to answer the cross-petition of the defendant, which was overruled by the court, to which the defendant excepted.

After filing a general denial to the answer and cross-petition of the defendant, the plaintiffs filed a motion for judgment on the pleadings, which was sustained by the trial court and judgment rendered in favor of the plaintiffs, canceling said affidavit and quieting the title of said lands in the plaintiffs, to which the defendant excepted and to reverse which he has perfected this appeal.

For reversal, plaintiff in error first contends that the trial court erred in refusing to sustain the motion of plaintiff in error to make J. W. Green and Frank Moore parties to said cause. •

Section 219, Comp. Stat. 1921, provides as follows:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determina-

tion or settlement of the question involved therein."

Section 224, Comp. Stat. 1921, provides that:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

This court in many decisions has adopted the law announced in the preceding sections. Simpson et al. v. Hillis, 30 Okla. 561, 120 Pac. 572; Haynes v. City Nat. Bank of Lawton et al., 30 Okla. 614, 121 Pac. 182.

If the allegations of the defendant's answer and cross-petition against the said J. W. Green and Frank Martin were sufficient to come within the above sections of the statutes, and the decisions cited, the trial court erred in refusing to make them parties to said cause.

Counsel for plaintiff in error have not complied with the rules of this court in the preparation of their brief, which makes it difficult for the court to understand the basis of their contention, but we will not dismiss the appeal for this reason, but will endeavor to decide the case on its merits. No theory is advanced, argument made, nor cases cited in support of their contention that defendant's answer and cross-petition contained allegations sufficient to constitute a cause of action against the said J. W. Green and Frank Martin, and that the court erred in not making them parties to said cause. Counsel devote all their brief on this proposition to answering questions they anticipate the defendants in error may present in their brief.

Counsel for plaintiff in error next call our attention to the fact that counsel for defendants in error contended in the lower court that the statute of frauds entered into the transaction between the defendant, Nix, and J. W. Green and prohibited its enforcement, inasmuch as the same was a verbal contract and agreement between them. We see no merit in this contention, as this court, in the case of Thompson v. McKee, 43 Okla. 243, 142 Pac. 755, announced the following rule:

"An oral partnership agreement to share in the profits and losses arising from the purchase and sale of real estate is not within the statute of frauds; and the existence of such partnership, and the interest of members of the firm therein, may be established by parol evidence."

This court has also held that:

"Real estate belonging to a partnership is considered personalty, but where a suit is instituted, the nature of which is to terminate the partnership and establish the interest of the parties, where the partnership is not indebted, the court has power to award all of the partners their respective interests in such real estate, and make them tenants in common, without ordering the real estate sold and the profits divided." Chowning v. Graham, 74 Oklahoma, 178 Pac. 676.

Therefore, the main question for our determination is, whether the allegations of the defendant's answer and cross-petition were sufficient to constitute a partnership between the defendant and J. W. Green, and if so, were the allegations sufficient to show that J. W. Green was to purchase said lands for the partnership? If we answer these two questions in the affirmative, then we are of the opinion that the allegations of the defendant's answer and cross-petition were sufficient to present the question of whether or not the said Frank Moore and the plaintiffs, Mary I. Green and Martin Moore, acquired the full title to said lands, or only the naked legal title in trust for the said J. W. Green, in which event said J. W. Green was no more than a trustee for the partnership, and the court erred in overruling defendant's motion to make J. W. Green and Frank Martin parties to said cause. A partnership is defined in Comp. Stat. 1921, section 8103, as follows:

"Partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them."

And partnership is defined in 30 Cyc. 439, as follows:

"A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them in lawful commerce or business, and to divide the profit and bear the loss in certain proportions."

It is defined in Parsons on Partnership as follows:

"A combination by two or more persons of capital, or labor or skill, for the purpose of business for their common benefit."

In Noyes v. Tootle (Ind.) 48 S. W. 1031, partnership is defined as follows:

"An association of two or more persons in some enterprise or business in which the various partners in the business share in the profits and losses to some degree."

This court in the case of Johnson v. Douglass, 8 Okla. 594, 58 Pac. 743, held as follows:

"A partnership exists when two or more persons combine their property, labor and skill, or one or more of them, in the transaction of business."

However, this court held in Gorman v. Carlock, 71 Oklahoma, 179 Pac. 38, as follows:

"A mere community of interest as owners of specific property, or of the profits from a particular adventure or business, does not necessarily, of itself, constitute the co-owners partners."

All of the authorities agree that the law does not require an express agreement between the parties, but it will regard their conduct rather than their language in determining whether voluntary association in a business enterprise amounts to a partnership or not.

In the case at bar, the defendant's answer and cross-petition contains no allegation that the defendant and J. W. Green had combined their capital, labor, or their money and skill, nor does it allege that any money was paid, or any labor or thing, performed as a consideration for said contract of partnership, nor does it allege that said land was to be purchased by said partnership, nor does it allege that the land was to be purchased by the said J. W. Green for said alleged partnership. Neither does it allege that the defendant, Nix, was to have any interest in said lands whatever, or to be interested in any way in the transaction, unless upon a sale of the property after the purchase of the same by the said J. W. Green, and the improvement of the same, there should be a profit, in which event he was to receive one-half thereof. If there should be no profit, he was to get nothing; if there was a loss, defendant was not to participate in the purchase price of said land, or the cost of the improvement of same, but he was to lose only his time and trouble in making said improvements. There is no allegation that any of the said improvements were ever made by the defendant.

Giving the agreement the most liberal construction, we are of the opinion that it was no more than a contract of employment or agency, whereby the defendant was to improve said lands and to receive as compensation therefor one-half of the profits, if any, from the sale of said land after the improvements were made.

In the case of Clark v. Emery, 58 W. Va. 637, 52 S. E. 770, the Supreme Court of West Virginia had under consideration a case similar to the one at bar, and held as follows:

"Where one who has acquired options upon certain lands enters into a written contract with another, empowering him, in the absence of the optionee, to accept the options and make sale of the lands, and providing that all profits shall be distributed equally between them, this is not a contract creating a partnership for the purchase and sale of lands, and does not entitle the person so empowered to make such sale to share in the profits arising therefrom, unless such sale be made by him."

In the case of Von Trotha et al. v. Bamberger, 15 Colo. 1, 24 Pac. 883, the syllabus reads as follows:

"A verbal agreement to share the profits arising from the purchase and sale of real estate may be made independent of any contract for an interest in the land itself. When so made, the agreement is not within the statute of frauds, and may become the foundation of an action for a money judgment, but not for a decree of specific performance affecting the title to the real estate."

This rule is supported by many other authorities, and we have been unable to find any to the contrary. In our opinion, the allegations of the defendant's answer and cross-petition were not sufficient to constitute a cause of action in favor of the defendant and against the said J. W. Green for an interest in said lands, and the trial court properly overruled the motion of the defendant to make J. W. Green a party to said cause.

The defendant may have a cause of action against the said J. W. Green for breach of the alleged contract and agreement, but, inasmuch as the same would not affect the title to the lands in controversy, we will not discuss that matter at this time. Inasmuch as the answer of the defendant to the petition of the plaintiffs herein was based on said agreement between the defendant and J. W. Green, and in view of our holding as above, the same did not constitute a defense as against the plaintiffs' petition.

The plaintiff in error next contends that the trial court erred in sustaining the plaintiffs' motion for judgment on the pleadings, and argues that, although the answer and cross-petition of the defendant may fail to state a cause of action against the plaintiffs, it contains a general denial of the allegations of the plaintiffs' petition, and there-

fore the motion for judgment on the pleadings should not have been sustained. We cannot agree with this contention. It is true that the defendant's answer did contain a general denial, but the remaining portion thereof contained all the necessary allegations to entitle the plaintiffs to the relief prayed for.

In the case of Oliphant v. Crane, 70 Oklahoma, 172 Pac. 1073, the rule was announced by this court in the following language:

"Although the answer of defendants contained a general denial, this was qualified by other allegations therein contained which admitted all the essential facts necessary to authorize a judgment in plaintiff's favor, and it was not error to sustain a motion for judgment on the pleadings."

This court held to the same effect in the case of Schuber et al. v. McDuffee et al., 67 Okla. 160, 169 Pac. 642, and again in the case of Yoder v. Randol & Nix, 16 Okla. 308, 83 Pac. 537.

For the reasons above stated, we are of the opinion that the trial court did not err in refusing to make J. W. Green a party to said case, and did not err in sustaining the motion for judgment on the pleadings.

Therefore the judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.