WORSHAM et al. v. DILLARD.

No. 29761. March 25, 1941.

Rehearing Denied April 29, 1941.

Application for Leave to File Second Petition for Rehearing Denied June 10, 1941.

*114 P. 2d 175.*

R. A. Howard, of Ardmore, and N. E. Ticer, of Wilson, for plaintiffs in error.

H. A. Ledbetter and Sigler & Jackson, all of Ardmore, for defendant in error.

PER CURIAM. C. F. Dillard, hereinafter referred to as plaintiff, instituted this action against H. O. Worsham, Toss Ingram, and W. B. Scivally, hereinafter referred to as defendants, to enforce liability under a supersedeas bond.

In the petition plaintiff alleged, in substance, the rendition of a judgment on January 25, 1937, in his favor against H. O. Worsham for the sum of $396, with interest and costs, and that motion for new trial was heard and overruled on May 18, 1937, and notice of appeal then given, and that on June 9, 1937, the defendants had executed the bond upon which this action was predicated for the purpose of superseding the judgment which the plaintiff had theretofore obtained and had erroneously recited in said bond that the judgment had been obtained on the date the motion for new trial had been overruled; that the bond actually accomplished the purpose for which it had been given by staying execution during the period within which an appeal could have been prosecuted; that no appeal had ever been completed, and that on December 16, 1937, the trial court entered its order finding that said judgment had become absolute and that execution issued on said judgment had been returned unsatisfied and demand made upon the defendants to satisfy such judgment pursuant to the terms of the bond which they had given, and that they had refused to make such payment. Copies of the judgment and bond were attached as exhibits to the petition. When motion to strike and demurrer filed by the defendants were overruled, they filed an answer where, in addition to a general denial, they alleged that the judgment had not been entered on January 25, 1937, as alleged by plaintiff, but on June 28, 1937, and that the judgment was in reality one for possession of real estate as well as money, and since the bond had not been given to supersede the entire judgment, that therefore it was ineffective for any purpose. Furthermore, the plaintiff was only nominally such and was in reality acting for one Ott Burnett, who was the owner of said judgment and all rights incident thereto and who was the only person who could maintain an action on the bond. Plaintiff then filed a reply which contained matters constituting a departure. Defendants then filed a supplemental answer wherein they pleaded as a complete defense a release and satisfaction of the judgment which had been executed by C. F. Dillard on June 30, 1939. Motion of plaintiff for judgment on the pleadings was sustained and judgment entered accordingly. The defendants have prosecuted this appeal and urge as error the action of the trial court in rendering judgment on the pleadings in favor of plaintiff and in not so rendering judgment in favor of the defendants and in holding that C. F. Dillard was merely a nominal plaintiff, and as such trustee for Ott Burnett.

In support of the contentions so made, the defendants cite a number of cases which are authority for the rule that a motion for judgment on the pleadings is in the nature of a demurrer, and that such motion searches the record and authorizes judgment for the party entitled thereto. The defendants seek to apply the foregoing rule to the case at bar for the reason the exhibits attached to the plaintiff's petition do not appear to have been filed and recorded. Citing Ex parte Stevenson, 20 Okla. 549, 94 P. 1071; Fullerton v. Commissioners of Land Office, 140 Okla. 122, 282 P. 674; Cockrell v. Schmitt, 20 Okla. 207, 94 P. 521; Kolb v. Robertson, 153 Okla. 298, 5 P. 2d 1070. An examination of the cited cases reveals that they will not bear the interpretation which the defendants seek to place thereon. There was no question of admissibility of evidence involved.

It will be noted that the reply filed by the plaintiff constituted a departure, and therefore was ineffective for any purpose, and hence the rule announced in Yeargain v. Sutter, 85 Okla. 41, 204 P. 122, has no application. The answer of the defendants was in effect a negative pregnant and a plea in confession and avoidance in that it was therein expressly alleged that Ott Burnett was the owner of the judgment and all of the rights incident thereto, including the right to maintain the action on the bond which

the defendants had executed. The defendants did not deny that judgment had been rendered for the plaintiff and that they had executed the bond to supersede the same and that the bond had accomplished the purpose for which it had been given, but by their answer admitted the ultimate facts.

A judgment upon the pleadings is not rendered because of lack of evidence or proof, but because of lack of issues of fact and the presence of issues of law alone. Mires v. Hogan, 79 Okla. 233, 192 P. 811. Therefore, where an answer contains a general denial and also a negative pregnant which constitutes an admission of liability, a judgment on the pleadings may be properly rendered. Marshall Mfg. Co. v. Dickerson, 55 Okla. 188, 155 P. 224; Schuber v. McDuffee, 67 Okla. 160, 169 P. 642; Oliphant v. Crane, 70 Okla. 38, 172 P. 1073; Nix v. Green, 95 Okla. 247, 219 P. 380. Under the pleadings of the parties in the case at bar, no issues of fact were involved. The sole issues presented were those of law and were whether the defendants had obligated themselves by the bond which they had signed to pay the money judgment which had been rendered against H. O. Worsham, and whether the defendants were bound by the allegation made in their answer that Ott Burnett was the owner of the judgment and all rights incident thereto so as to preclude them from thereafter asserting as a defense the release and satisfaction which they had obtained from said C. F. Dillard and which they had pleaded in their supplemental answer. We are of the opinion that the trial court correctly resolved both of these issues of law against the defendants. See Haffner v. Commerce Trust Co., 184 Okla. 212, 86 P. 2d 331; Liberty National Bank of Weatherford v. Semkoff, 184 Okla. 18, 84 P. 2d 438; Atlantic Fire Ins. Co. v. Smith, 183 Okla. 97, 80 P. 2d 216. No reversible error is presented.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.