Linda Dawn POWELL, a Minor, by and
through her mother and next friend,
Dimie Powell, Plaintiff in Error,

v.

William S. POWELL, Defendant in Error.

No. 39375.

Supreme Court of Oklahoma.

March 13, 1962.

Rehearing Denied April 24, 1962.

George Bingaman, Thomas G. Smith, Purcell, for plaintiff in error.

Paul C. Duncan, Melvin F. Pierce, Lawrence E. Hoecker, Oklahoma City, Pierce, Mock Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for defendant in error.

Floyd L. Walker, Kenneth L. Stainer, Gordon L. Patten, Roehm A. West, William K. Powers, C. Lawrence Elder, H. Gene Seigel, H. G. "Bill" Dickey, Jack Gaither, Jeff Greer, Tulsa, Robert H. Neptune, Bartlesville, Jack E. Gordon, Claremore, Richard E. Romang, Enid, R. M. Mountcastle, Muskogee, Claud Briggs, O. A. Cargill, Jr., Paul Pugh, Oklahoma City, Lincoln Battenfield, Pryor, Homer Bishop and H. Corky Bishop, Seminole, amici curiæ.

JACKSON, Justice.

In the trial court, plaintiff Linda Dawn Powell, a minor, by and through her mother and next friend, Dimie Powell, sued her father, William S. Powell, for damages for injuries received in an automobile accident, alleging that she was a passenger in the automobile being driven by her father, and that his negligence caused the accident.

Defendant filed an answer consisting of a general denial plus affirmative allegations to the following effect: that Linda Dawn Powell was his unemancipated minor daughter living in his house; and that said minor daughter, by her mother and next friend, had previously filed a suit for damages for the same injuries against the driver and owner of the other car involved, and had recovered a judgment therein which had been paid and satisfied in full.

Plaintiff filed an amended reply in which she admitted that she was a minor and defendant's daughter, and affirmatively pleaded, among other things, that the prior action was actually settled by compromise and agreement; that because of the minority of plaintiff, it was impossible for her to give a valid release of her claims, and that the only way in which she could obtain payment was upon an "agreed judgment". She admitted that the judgment in the prior cause was actually entered and thereafter satisfied, but alleged that it was merely a "judgment approving the settlement" and that it discharged "that tort-feasor only".

In this connection, we note that the journal entry of judgment in the prior case, copy of which was attached to defendant's answer as an exhibit, was in the ordinary and usual form for a judgment in a contested action, and that it made no mention of any "agreed settlement", and did not purport to discharge only the tort-feasors sued.

Upon those pleadings (petition, answer, amended reply), the defendant filed a motion for judgment on the pleadings. At the hearing thereon, plaintiff was permitted to amend her petition by interlineation, after which the motion for judgment on the pleadings was renewed and sustained and the case dismissed. The journal entry of judgment recites that " * * * the motion of the defendant for judgment on the pleadings be and the same is hereby sustained, and the plaintiff electing to stand on said proceedings, IT IS ORDERED that said action be and the same is hereby dismissed." It thus appears that plaintiff had full opportunity to amend her pleadings further before final disposition was made of the matter, and elected not to do so. The trial court did not specify in the journal entry his reasons for sustaining the motion and dismissing the action.

Plaintiff appeals and in her first brief filed in this court presents one proposition only: that "an unemancipated minor child may, through her mother and next friend, maintain an action against her father, who is protected by public liability insurance, for bodily injuries growing out of an automobile collision caused by the willful or

wanton negligence of the father". She presents a very able and interesting argument in support of this proposition, prefaced with the statement that the rule relied upon by the trial court was the general rule, well established in many other states but an open question in this jurisdiction, that "an unemancipated minor has no cause of action against a parent in tort for injuries received".

However, there was another ground upon which the trial court's judgment might have been based; it was stated by defendant in his answer brief as follows: "there may be but one recovery for any one wrong; and an attempt to pursue a claim against remaining tort-feasors, after judgment and satisfaction as to one tort-feasor, is improper by reason of the attempt to split the cause of action". We believe there is merit in this proposition and that the judgment of the trial court must be sustained on that basis. We will therefore not consider the proposition advanced by plaintiff in her original brief.

Defendant's proposition is answered by plaintiff in her reply brief as follows: under the allegations of plaintiff's amended reply, which are admitted to be true for purposes of the motion for judgment on the pleadings, the judgment in the prior action was actually merely a "judgment approving the settlement" effected by the parties; plaintiff never intended "to release or discharge any other negligent parties or to satisfy in full her claim for damages". Plaintiff argues that in any event, since she is still a minor, she still has time, under applicable statutes, to "apply in that case to make the record speak the truth", and therefore, she is not subject here to the rule against the splitting of a cause of action.

In support of her argument, plaintiff cites Harjo v. Johnston, 187 Okl. 561, 104 P.2d 985; Lowery v. Richards, 120 Okl. 261, 248 P. 622; and Griffin v. Galbraith, 114 Okl. 208, 247 P. 339; to the general effect that courts will protect with jealous care the rights of minors, and that where the guardian of a minor ward does not diligently and in good faith protect his ward's interests, and the court does not protect them, the prior judgment does not create an estoppel preventing the minor from thereafter asserting the invalidity of the judgment.

We find no fault with the rules of law announced in these cases, but they are not applicable in this case. Here, there is no allegation that the next friend of plaintiff Linda Dawn Powell did not properly protect the rights and interests of the minor, or that the court failed to protect them. The cases cited by plaintiff are all cases in which the prior judgments had been obtained by the exercise of fraud. No fraud is alleged here.

▮ Plaintiff concedes the general rule with regard to the liability of joint tort-feasors to be as stated in Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, as follows:

"Where several persons jointly commit a wrong resulting in injury to another, the liability against such joint wrongdoers to the person injured is joint and several, and a compromise of the claim and a release as to one will not operate to release the others unless such was the intention; and in such case the injured party may sue all or any of them in a single action or he may sue them separately; but, although several judgments may be thus obtained, there can be but one satisfaction and the acceptance of payment in full upon the judgment obtained against one of such persons will operate as a bar to the further prosecution of actions for the same injury against any of the others."

▮ As we understand the allegations in plaintiff's amended reply, plaintiff seeks to avoid the effect of the rule against the splitting of a cause of action for two principal reasons: (1) because the prior judgment was an "agreed judgment" and not a judgment on the merits, and was entered pursuant to an agreement of plaintiff to release one joint tort-feasor only, and plain-

tiff never intended thereby to release the other joint tort-feasor; and (2) because the prior judgment was for an amount less than was sued for, and therefore cannot be said to be a complete and full satisfaction of the entire claim.

Under the facts in this case as admitted for purposes of the motion for judgment on the pleadings, neither reason is sufficient to enable plaintiff to avoid the rule against the splitting of a cause of action. Her contentions under the first reason set out above are answered by the following language of the court in Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641, supra:

"But it is argued that the plaintiff did not intend to recover her full damages in her former suit against the gypsum company, that the judgment rendered was an agreed judgment intended only as a compromise and a release of the gypsum company, without prejudice to the rights of the plaintiff as against the defendant * * *.

"The answer is: The question here involved is not a question of plaintiff's intention; it is a question of her legal right to split her cause of action, to apportion her damage, and to recover by separate actions separate portions thereof. Plaintiff had but one cause of action. This cause of action, of course, existed against all wrongdoers, but it was a single cause of action, and when suit was filed on this cause of action and damage in the sum of $7,500 claimed as her full damage, and such claim reduced to judgment, the cause of action then merged in the judgment, and the satisfaction of the judgment was a satisfaction and settlement of the cause of action."

In the later case of City of Wetumka v. Cromwell-Franklin Oil Co., 171 Okl. 565, 43 P.2d 434, the law as set out in the Cain case, supra, was relied upon. In the later case, an argument identical to that stated as the second reason of plaintiff here, was answered as follows:

"Referring to that case, counsel for plaintiff in his brief in the instant case says: 'Since the plaintiff had set up and established the amount of her injury at $7,500.00, and had been paid this amount in full, she should not be allowed, so the Court found, and which we concede to be good law, to pursue other defendants who were joint tort-feasors with the original defendant * * * when plaintiff had recovered all that she stated the injury amounted to.' "

"In other words, they claim that, because she got all she asked for in the first case, she should not be allowed to ask for more from the second defendant, but that in the instant case, since the city did not get all it asked for in the first judgment, that it should be allowed to pursue other joint tort-feasors until it recovered the full amount of its claim.

"We think the distinction attempted to be drawn here is not tenable. Apparently all the authorities hold that the plaintiff may pursue his remedy both individually and collectively against joint tort-feasors * * * but the authorities are just as unanimous that when one or more judgments have been rendered against one tort-feasor, and that judgment is paid and satisfied in full, this operates as a release of all claims against other joint tort-feasors * * *." .

■ Plaintiff here also suggests a third reason why she should not be bound by the rule against the splitting of a cause of action, which argument may be summarized as follows: that the rule against the splitting of a cause of action rests upon the existence of a prior judgment which is *conclusive and final;* that in the instant case, since the plaintiff is still a minor, she is still permitted by the provisions of 12 O.S. 1951 § 700, to attack the prior judgment at any time before she is 22 years of age; that therefore, the prior judgment is not con-

clusive and binding as to her, and the rule against the splitting of a cause of action is not applicable.

We do not find this argument persuasive. The only effect of 12 O.S.1951 § 700, is to extend the time within which a minor defendant may exercise his rights. It does not grant to the minor defendant any substantive rights which he did not already have, and, aside from the element of time, leaves him in the same position as an adult defendant. It thus appears that there is no good reason for making a distinction between minor and adult defendants, insofar as the applicability of the rule against splitting a cause of action is concerned. In this connection, note that under 12 O.S. 1951 § 95(3), an action for relief on the ground of fraud may be brought at any time within two years *after the discovery of the fraud,* and that under the holding of this court in Harjo v. Johnston, 187 Okl. 561, 104 P.2d 985, an independent action in equity for relief against a judgment obtained by fraud is governed by said section, and not by 12 O.S.1951 §§ 1031(4) and 1038. Therefore, it is theoretically possible that almost any judgment might be attacked at any time, and if the argument of plaintiff here were carried to its logical conclusion, the rule against splitting a cause of action would be completely nullified.

We therefore hold that the applicability of the rule against splitting a cause of action is not affected by the fact that at some future date the prior judgment concerned might be challenged under the provisions of 12 O.S.1951 §§ 700 or 1031.

Under the pleadings in the case at bar, no issue of fact was presented, but only the law question of whether, under the admitted facts, plaintiff was entitled to maintain this action. For the reasons set out herein, we hold that she was not so entitled, but was precluded therefrom by the well recognized rule against the splitting of a cause of action.

Where the pleadings raise no issues of fact, but only issues of law, judgment on the pleadings is proper. Worsham v. Dillard, 189 Okl. 118, 114 P.2d 175.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.