James R. FREELING, Plaintiff in Error,

v.

STATE of Oklahoma ex rel. Carl B. SEBRING, State Bank Commissioner of Oklahoma, acting by and through Federal Deposit Insurance Corporation, a corporation, Liquidating Agent, and the Hartford Accident & Indemnity Company, a corporation, Defendants in Error.

No. 41887.

Supreme Court of Oklahoma.

April 1, 1969.

Delmer L. Stagner, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., by W. J. Monroe, Asst. Atty. Gen., for defendant in error.

Fenton, Fenton, Smith, Reneau & Moon, by Edgar Fenton, Oklahoma City, for defendant in error, Hartford Accident and Indemnity Co.

JACKSON, Justice.

On July 29, 1960, Carl B. Sebring, State Bank Commissioner, closed the Capitol Hill State Bank of Oklahoma City, Oklahoma, and took the bank into his hands for the purpose of liquidation. As authorized by the provisions of 6 O.S.1961, Section 183, the Commissioner appointed The Federal Deposit Insurance Corporation as liquidation agent and F.D.I.C. accepted the appointment.

Upon taking possession of the Bank it was the duty of the Commissioner to make an inventory of the assets and liabilities of the Bank and to file a copy with the Court Clerk of Oklahoma County, the county in which the bank had been doing business. 6 O.S.1961, Sec. 162m. It was the duty of the Court Clerk of Oklahoma County to enter the inventory upon the docket of the Court under a proper number and title. Section 162m, supra. So far as we are

able to determine from the record, the number assigned was 150,801 on the District Court Docket, Oklahoma County.

During the process of liquidation, and for the purpose of securing the assets of the Bank, the Bank Commissioner brought the instant action entitled State of Oklahoma ex rel. Carl B. Sebring, State Bank Commissioner of Oklahoma, acting by and through Federal Deposit Insurance Corporation, a Corporation, Liquidating Agent, Plaintiff, vs. * * * James R. Freeling, et al. In the First Cause of Action plaintiff sought a money judgment against the defendants in excess of one- and one-half million dollars. The jury was unable to agree upon a verdict and a mistrial was declared upon the First Cause. As to the Second and Third Causes of Action, tried without a jury, the court found that the 1100 shares of stock of the Bank had been purchased by defendant Freeling and others with money that belonged to the Bank and at a time when the purchasers were occupying a fiduciary relationship with the Bank. The court decreed that the stock of the Bank and its Building Corporation was held in trust for the benefit of the State of Oklahoma, ex rel. Carl B. Sebring, Bank Commissioner, as trustee for those lawfully entitled thereto as distributees of the assets of the Capitol Hill State Bank in liquidation in Cause No. 150,801, supra.

Defendant Freeling has appealed and states in his brief that this appeal is not on the merits of this case, but rather is addressed to whether the jurisdiction of the trial court was invoked; whether any claim against the defendant Freeling for relief of any kind was forfeited; whether the Court lost jurisdiction because of such forfeiture; and whether the claim against the defendant Freeling was released by a settlement by judgment and release of the alleged joint tort-feasors, Houlihan's companies.

The record shows that defendant Freeling was president and director of the bank until removed by the Bank Commissioner on or about July 29, 1960. At the time the Bank was seized defendant Freeling had current wages due in the sum of $331.25. He filed a claim which was approved, but not paid. Defendant alleged in his answer that the liquidating agent, F.D.I.C., withheld payment of all of Freeling's wages due as an off-set against the claim sued on herein; and that the withholding of all of his wages, a portion being exempt from seizure under the provisions of 31 O.S. 1961, Section 4, constituted a forfeiture of any debt owed by defendant. The trial court held that the seizure of defendant's wages did not constitute a forfeiture of any debts due by defendant, and struck the allegation regarding defendant's wages from his answer without prejudice to any lawful claim defendant might have for wages in Cause No. 150,801, supra.

Defendant's argument is presented under the following proposition:

"The seizing by the plaintiff of the exempt wages of the defendant Freeling and the holding of the same as an off-set against the alleged debt or obligation sued upon, was violative of the rights of the defendant Freeling under the homestead statutes (31 O.S.1961, Secs. 1 (16), and 4), caused the alleged debt or obligation sued upon to be cancelled and the trial court had no jurisdiction thereafter to proceed with this cause. The trial court erred in striking this defense from the amendment of motion to elect and motion to dismiss, answer, amended answer and second amended answer."

31 O.S.1961, Secs. 1 and 4, supra, provide in substance that 75% of current wages or earnings for personal or professional services are exempt from execution or attachment, and Section 4 provides that any person or firm, either personally or by agent, violating this provision by attaching or taking more than 75% shall forfeit the entire debt or obligation sought to be satisfied.

We are of the view that the trial court correctly held that the forfeiture provision of Section 4, supra, is not applicable to wages seized by the Bank Commissioner

under the provisions of 6 O.S.1961, Sec. 162 et seq. The record shows that the Bank Commissioner allowed defendant's claim for wages under the provisions of Sec. 162*l*, supra. Section 162n, supra, provides that the title to moneys collected by the Commissioner in liquidating a bank shall be vested in the State of Oklahoma, upon the relation of the Commissioner. Section 162n authorizes the Commissioner, after a specified time, to declare one or more dividends but specifically provides that dividends "shall not be paid except by order of the District Court having jurisdiction of the liquidation of such insolvent bank, upon such notice as may be directed by the Court * * *." The trial court correctly held that defendant's claim for wages must be considered in Cause No. 150,801, supra, and that the seizure and retention of defendant's wages did not cause the alleged debt or obligation of defendant to be cancelled.

■ In defendant's second proposition it is said:

"The Federal Deposit Insurance Corporation has no authority to institute an action through its attorneys on behalf of the State of Oklahoma. The trial court erred in overruling the defendant Freeling's motion to dismiss and in striking this defense from the defendant Freeling's answer."

6 O.S.1961, Section 162h provides in part that the Bank Commissioner shall have power and authority to institute and prosecute all suits necessary for the liquidation of the assets of the insolvent corporation taken over by him, and such suits shall be brought in the name of the State of Oklahoma, on relation of the Bank Commissioner. As heretofore noted this action was instituted by "State of Oklahoma, ex rel. Carl B Sebring, acting by and through the Federal Deposit Insurance Corporation, liquidating agent, et al. 6 O.S.1961, Sec. 183, supra, authorizes the Bank Commissioner "to tender to said corporation (F.D.I.C.) the appointment as liquidat-

ing agent for such close banking institution", and further provides:

"* * * Upon the acceptance of such appointment the said Corporation shall have and possess all the duties, powers and privileges granted by the laws of this State to individual liquidating agents, attorneys or employees designated by the State Bank Commissioner * * *."

Defendant invites our attention to the pertinent provisions of 74 O.S.1961, Section 18c, adopted in 1947, and subsequent to the adoption of 6 O.S.1961, Secs. 162h and 183, supra. Section 18c provides in pertinent part that:

"* * * no State Officer * * * or Commission * * * shall have authority to employ or appoint attorneys to advise or represent said Officer * * * or Commission, in any matter, and all the legal duties of such Officer * * * shall devolve upon and are hereby vested in the Attorney General * * * and provided further, that liquidation agents of banks shall have the authority to employ local counsel with the consent of the Bank Commissioner and the Attorney General and the approval of the District Court. At the request of any State Officer, Board or Commission, * * * the Attorney General shall have authority to institute suits in the name of the State of Oklahoma on their relation, provided after investigation he is convinced there is sufficient legal merit to justify the action. * * *."

Defendant's argument is that the action must be brought on relation of the Bank Commissioner himself and not "acting by and through the Federal Deposit Insurance Corporation, Liquidating Agent; and the action could not be brought by local attorneys employed by F.D.I.C., the liquidating agent. In State ex rel. Murray, Gov. v. Pure Oil Co., 169 Okl. 507, 37 P.2d 608, we held that an action to recover assets of an insolvent bank must be brought on relation of the Bank Commissioner and not the Governor, in those cases where the Bank

Commissioner has not refused to bring an action.

The trial court overruled, or struck from defendant's answer, that portion of defendant's answer and argument brought to this court under defendant's second proposition above quoted with the following comment:

"The statutes authorize the action as filed, 6–162h, 183, 187. The Attorney General has joined in, consented to, and ratified the prosecution of this action, 74–18c, which was consented to by the Bank Commissioner, and approved by the District Court."

The court's finding of fact is supported by the record as reflected in the Attorney General's General Entry of Appearance at the request of the Bank Commissioner. The Attorney General in his Appearance adopted and confirmed all pleadings filed by the plaintiff and all proceedings theretofore taken and had in the name of and on behalf of the State of Oklahoma ex rel. Carl B. Sebring, Bank Commissioner. The Attorney General appears to have been active in the case thereafter.

It is apparent that the trial court treated plaintiff's petition as amended as he was authorized to do under our decision in State ex rel. Murray, Gov. v. Pure Oil Co., supra. The trial court did not err in treating the petition as amended and accepting the Attorney General as counsel for the plaintiff.

In defendant's third proposition it is said:

"The obtaining of a judgment against an alleged tort-feasor and satisfaction of that judgment precludes a later judgment against an alleged joint tort-feasor arising out of the same wrong. The trial court erred in overruling the motion of the defendant Freeling" (for a summary judgment).

This proposition is asserted because the plaintiff in this case brought an action in Texas and obtained a judgment by compromise against certain institutions and persons in the sum of $133,620.51 who had received from alleged joint tort-feasors substantial portions of the Bank's assets immediately prior to liquidation proceedings. It was alleged in plaintiff's petition in that case that Freeling was a joint tort-feasor in the fraud which gave rise to the judgment in that court. It is now said that the satisfaction of the Texas judgment precludes a judgment in this action against defendant Freeling, an alleged joint tort-feasor arising out of the same wrong, citing Cain v. Quannah Light & Ice Co., 131 Okl. 25, 267 P. 641; Powell v. Powell, Okl., 370 P.2d 909; and Eberle v. Sinclair Prairie Oil Co., 120 F.2d 746, 135 A.L.R. 1494 (Okl.1941, 10th Circuit).

We fail to see how defendant's third proposition is applicable to the judgment rendered in this case. As heretofore stated, the money judgment ($1,559,802.43) sought by plaintiff in its First Cause of Action herein resulted in a mistrial and is not before us. Distribution and disposition of the assets of the bank will undoubtedly be made in Cause No. 150,801, supra, in the District Court, 6 O.S.1961, Sec. 162h. If defendant's third proposition has any significance for minimizing defendant's financial obligations to the insolvent Bank that question may be considered on re-trial of plaintiff's First Cause of Action, or it may be considered in the disposition of the assets of the Bank under 6 O.S.1961, Section 162h, supra. It has no significance here.

The only relief sought and obtained under plaintiff's Second and Third Causes of Action was to take possession of the assets of the Bank, as the Bank Commissioner was required to do under the provisions of 6 O.S.1961, Sec. 162i. It did not adjudicate any rights defendant may have in the assets of the insolvent Bank.

The judgment of the trial court is affirmed.

All the Justices concur.