Note.—See under (1) 22 C. J. p. 1283, §1715; 10 R. C. L. p. 1050; 2 R. C. L. Supp. p. 1145. (2) 2 C. J. p. 517, §138; 21 R. C. L. p. 905; 4 R. C. L. Supp. p. 1438; 5 R. C. L. Supp. p. 1178; 6 R. C. L. Supp. p. 1294. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.

130-2

## DONNELLY v. ATKINS et al.

No. 17775. Opinion Filed Jan. 31, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

1. **Appeal and Error—Review—Sufficiency of Evidence in Equity Case.**

In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence.

2. **Appeal and Error—Pleading—Discretion of Court as to Amendments.**

Under section 318, C. O. S. 1921, the trial court, in the furtherance of justice, may, in its judicial discretion, permit pleadings to be amended before or after judgment, but such amendments are within the sound judicial discretion of the trial court, and unless it appears that this discretion has been abused, this court will not disturb the ruling of the trial court in refusing or permitting such amendments.

3. **Appeal and Error—Waiver of Assignments of Error by Failure to Brief.**

Assignments of error, on appeal, will be considered and treated as waived by this court, where plaintiff in error fails to argue or cite authorities in his briefs supporting the same.

Error from District Court, Hughes County; George C. Crump, Judge.

Action by R. D. Donnelly, trustee, against T. W. Atkins et al. Judgment for defendants, and plaintiff appeals. Affirmed.

Anglin & Stevenson and Edward J. Fleming, for plaintiff in error.

Pryor & Stokes and Hugh Murphy, for defendants in error.

PHELPS, J. The relative positions of the parties hereto are the same as they were in the trial court and will be referred to as plaintiff and defendants.

Plaintiff brought suit in the district court of Hughes county praying for judgment decreeing him the owner of an undivided one-fourth interest in a leasehold estate in certain lands located in Hughes county upon which a gas well and equipment were located, and also for accounting of the proceeds from such lease, and from judgment in favor of defendants this appeal is prosecuted.

Plaintiff bases his right to recover upon

an alleged oral agreement with defendant T. W. Atkins, by the terms of which they were engaged in a joint venture. Atkins denied the existence of any such contract, or that plaintiff had any interest in said lease. The trial court heard the testimony of numerous witnesses, at the close of which it made findings of fact and conclusions of law adverse to the contention of plaintiff. In the briefs of counsel for plaintiff it is contended that the cause is one in equity and that it is the duty of this court to review the evidence and render or cause to be rendered such judgment as they contend should have been rendered in the trial court, for the reason that the judgment rendered by the trial court was contrary to the clear weight of the evidence; while it is contended by counsel for defendants that the judgment is not contrary to the clear weight of the evidence, but is abundantly supported by the evidence.

We have carefully examined the record and reached the conclusion that under the pleadings the action is an equitable one in so far as plaintiff seeks specific performance of an oral agreement and accounting, but his right to an interest in the leasehold depends upon whether a verbal agreement to assign such interest to him existed, and this being denied by defendants presented a question of fact to be determined by the court, and if the court had found the issues in favor of plaintiff, then the question of specific performance and accounting would have been one purely of equitable cognizance. An examination of the evidence introduced at most only shows a sharp conflict in the contention of the parties plaintiff and defendant. There was much evidence tending to prove plaintiff's allegation, which evidence is highly persuasive, but, upon the other hand, there is much evidence denying plaintiff's contention.

The trial court was confronted with the witnesses, and after hearing both sides found for defendants, and we cannot say that the judgment of the trial court was against the clear weight of the evidence, and unless we can so say, we are bound thereby. First National Bank v. Elam, 126 Okla. 93, 258 Pac. 892.

Plaintiff further assigns as error the court's refusal to permit him to amend his petition after the evidence was all in. Section 318, C. O. S. 1921, authorizes courts, in the furtherance of justice, to permit amendment to pleadings before or after judgment, but this court has repeatedly held that such amendments are within the sound judicial discretion of the court, and its rulings will not be disturbed unless the record shows an abuse of such judicial discretion.

We cannot agree that, in the instant case, the trial court abused its discretion in refusing to allow plaintiff to amend.

Plaintiff assigns other errors, but counsel neither argue nor cite authorities in support thereof, and under the rule laid down in Orth v. Hajek, 127 Okla. 59, 259 Pac. 854, the assignments will be considered waived. The judgment of the district court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, RILEY, and HEFNER, JJ., concur.