## MACKLIN et al. THOMPSON et al.

No. 18926. Opinion Filed Feb. 26, 1929.

Rehearing Denied April 23, 1929.

S. A. Horton, for plaintiff in error.

Twyford & Smith, for defendants in error.

JEFFREY, C. This action was begun by Addie Macklin and G. M. Macklin, as plaintiffs, in the district court of Oklahoma county, against D. R. Thompson and B. H. Mears, as defendants, for the purpose of canceling an oil and gas royalty deed covering the southwest quarter of section 12, township 13 north, range 1 west. The grounds alleged in the petition for the cancellation of the royalty deed were that of fraud and misrepresentation in the procurement of the same. Defendants filed an answer by which they first denied the allegations of the petition. Defendants filed with said answer a cross-petition, wherein they alleged that, on the 6th day of August, 1925, plaintiffs made, executed, and delivered to defendants for the consideration of $120, an oil and gas royalty deed covering an undivided one-half interest in and to the royalty and mineral rights in said land, and asked that plaintiffs and all persons holding under them be restrained and enjoined of any right, title, or interest in said land inconsistent with the title and rights of the defendants under said royalty deed. When the

cause came on for trial plaintiffs asked -for a continuance, which was refused. Thereupon counsel for plaintiffs dismissed his petition without prejudice. Defendants asked for a trial upon their cross-petition, which was had. At the close of the evidence, the court sustained defendants' cross-petition and rendered judgment quieting title in defendants to the extent of their interest in the mineral rights. From this judgment and the order overruling motion for new trial, plaintiffs have appealed.

The first assignment of error is that the trial court erred in not holding that the oil and gas royalty deed was intended to be returned upon the payment by plaintiffs of $120, provided a well was not drilled, and erred in holding that this was intended as an absolute sale of the minerals. It appears from the record that, on the same day that the oil and gas royalty deed was executed and delivered, plaintiffs made and executed an oil and gas lease in blank, the name of the lessee to be filled in. They also entered into a contract providing that the lease was to be held in escrow and not delivered unless a well was drilled on a certain block of land which included plaintiffs' land within a certain time. According to the record the well was not drilled, and the oil and gas lease was returned to plaintiffs. Plaintiffs' assignment of error raises the question that the judgment of the trial court is against the clear weight of the evidence. The defendants, in support of their cross-petition, showed that plaintiffs executed and acknowledged the oil and gas royalty deed in the presence of the defendant Mears. and delivered it to him in consideration of the cash payment of $120. Mears further testified that Addie Macklin read the deed over before she executed it. Mears further testified on cross-examination that the lease agreement was a separate and distinct transaction from the royalty grant, and that there was no agreement or understanding that the oil and gas royalty deed should be placed in escrow, under the conditions included in the lease transaction, or to be returned on any such conditions. C. M. Cole also testified that G M. Macklin told him in 1926 that he had sold one half of the royalty to the boys in the bank at Jones. The evidence and pleadings show that defendants were employed in said bank. The evidence otherwise shows that the consideration paid for the royalty deed was a fair and reasonable price at that time.

While plaintiffs had no pleading in the cause, they offered considerable evidence to the effect that they went into the bank at Jones, where the defendants were engaged in the banking business, and asked to borrow some money; that they went there for the purpose of borrowing money or to sell some leases. They further testified that the defendants refused to loan them any more money, but finally proposed to buy one-half interest in the oil and gas royalty on the land described for the sum of $120, with the further understanding that the .royalty deed would be retained in the bank, and if an oil well was not drilled on the block of acreage within the time mentioned in the lease agreement, that said royalty deed would be returned upon plaintiffs paying the $120 with interest, which they had offered to do. Plaintiffs further testified that the defendants agreed that, if a well was drilled within the time specified, they would pay plaintiffs some more money, but did not mention the amount. It will readily. be seen that there is positive testimony in support of a fair and absolute conveyance of the royalty interest by plaintiffs to the defendants. There is evidence denying any agreement to return the royalty deed upon any conditions, and also evidence refuting the assertions of fraud. There is a conflict in the evidence, but, from a careful examination of all the evidence, we are of the opinion that the judgment of the trial court is not against the clear weight of the evidence in this particular. This is a suit in equity, and the rule is:

"In cases of equitable cognizance the appellate court will examine and weigh the evidence, but the findings and judgment of the trial court will not be disturbed on appeal unless it appears that such findings and judgment are against the clear weight of the evidence." Donnelly v. Atkins, 130 Okla. 33, 264 Pac. 911.

Plaintiffs' next assignment of error is that the trial court erred in rendering a judgment enjoining the plaintiffs in error from interfering with the defendants in error under the terms of their deed. Counsel for plaintiffs has, to our minds, failed to point out any objectionable feature of the judgment under this assignment of error. The argument seems to be that the judgment might interfere with plaintiffs' dominion over and possession of the land to the extent of their acknowledged interest in the mineral rights. However, we are unable to see that the judgment would so operate. Plaintiffs brought the defendants into court in an attempt to cancel the royalty deed. Defendants claimed title by reason of the royalty deed, and asked that their title be quieted. The

court had a right to grant this relief under the evidence, and, from a reading of the decree, it seems that this was the only relief granted except to enjoin plaintiffs, and other persons holding under them, from claiming any right, title, or interest, or exercising any right, title, or interest in the premises inconsistent with the rights, title, and interest of the defendants. We find no reversible error in the record, and the judgment of the trial court is affirmed.

·BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.