## CHILDRESS et al. v. HINCH.

No. 20662. Opinion Filed Jan. 17, 1933.

Withdrawn, Corrected, Refiled, and Rehearing Denied Jan. 31, 1933.

Vern E. Thompson and Hudson & Hudson, for plaintiffs in error.

M. W. Hinch, for defendant in error.

CULLISON, V. C. J. Plaintiff, M. W. Hinch, filed suit against Fred J. Childress and Alf G. Heggem, seeking to recover $3,000, which amount plaintiff alleged was due under the terms and conditions of a certain contract entered into between plaintiff and defendants.

Defendants answered by general denial, except such matters as were specifically admitted. Defendants admit the execution of the contract and the assignment attached

to plaintiff's petition as exhibits. And further allege that there was in fact no **sale of said property** as said term was used and understood by the parties to said contract, but that said property was transferred to the Childress-Heggem Mining Company, a corporation, in return for certain stock in the company, which was all the stock issued in said company. That there was no cash consideration paid and that Childress and Heggem have at all times since retained control of said stock.

Defendants further allege that no profit has been made from the operation of the property as yet; that they realized no profit from executing said assignment of said property, and that the intent and purpose of all parties to said contract was that the sum of $3,000 should be paid out of the profits derived from said property.

Plaintiff replied to said answer, and upon said cause being considered by the court, plaintiff moved for a judgment upon the pleadings, which motion was sustained by the court, and judgment rendered favorable to plaintiff.

The contract which is the basis of plaintiff's cause of action is in words and figures as follows:

"Contract.

"Know all men by these presents, that Fred J. Childress and Alf G. Heggem, for and in consideration of release of interest of M. W. Hinch, do hereby covenant and agree, in the event they elect to and do purchase the O. M. Bilharz Mining Company lease located on the * * * (description omitted) that they will pay to the said M. W. Hinch 20% of the net profits realized after deducting the cost of producing ore from the mine on said property, which cost shall be limited to labor, supplies, and reasonable administrative salary for Fred J. Childress, and in no event shall cost include additions to the property, purchase price, drilling, except one drill rig, or new equipment, until the total sum of $3,000 is paid, it being understood and agreed herein that if the lease is surrendered or canceled prior to the full payment of said sum, that the parties hereto shall be released from further payments. **In case of sale, the sum unpaid shall become immediately due and payable.** * * *"

Plaintiff also attached to his petition an assignment entered into between defendants and the Childress-Heggem Mining Company, the pertinent part of which is as follows:

"Assignment.

"Know all men by these presents, that Fred J. Childress and Alf G. Heggem, as parties of the first part, for and in consideration of the sum of $1 and other good and valuable consideration, to them in hand paid by Childress-Heggem Mining Company, a corporation, as party of the second part, the receipt of which is hereby acknowledged, do hereby sell, assign, transfer, and deliver unto party of the second part and its successors and assigns forever, all of their right, title, and interest in and to the mining rights on the northwest quarter. * * *"

Plaintiffs in error assign as error the action of the trial court in rendering judgment on the pleadings over the objection of the defendants.

We observe that plaintiff pleaded as a basis of his suit two written instruments which were attached to his petition.

Defendants' answer admits the execution of the contract and assignment set forth in plaintiff's petition, but attempts to plead certain facts justifying defendants' action in said transfer and to further relieve defendants from liability under the terms of the contract. The gist of plaintiff's cause of action is his rights under the contract entered into between plaintiff and defendants and the transfer of the property made by the two defendants to the Childress-Heggem Mining Company, a corporation.

Under the terms of the contract, defendants agreed to pay plaintiff $3,000 for his interest in the mining property, the same to be paid at the rate of 20 per cent. of the net profits realized from the operation of said mining property. If said lease did not produce and was surrendered, defendants were released from further liability.

The contract also provided:

"In case of sale, the sum unpaid shall become immediately due and payable."

Under the terms of the assignment, defendants "hereby sell, assign, transfer and deliver unto party of the second part, its successors and assigns forever, all their right, title, and interest in and to the mining rights and property under consideration."

The rights of the parties to this suit would be determined by a construction of the contract and assignment, which instruments were both in writing.

The construction and legal effect of the contract and assignment herein is purely a question of law for the court.

The contract and assignment upon which the trial court predicates its judgment is plain and unambiguous.

A sale was made by the defendants to the corporation herein named.

A "sale" is defined in volume 7 of Words & Phrases (1st Series), at page 6292, as follows:

"A 'sale,' in the ordinary sense of the word, is a transfer of property for a fixed price in money or its equivalent." Iowa v. McFarland, 4 Sup. Ct. 210, 214, 110 U. S. 471, 28 L. Ed. 198.

In the case of People's Nat. Bank v. Board of Com'rs of Kingfisher County, 24 Okla. 145, 104 P. 55, this court had under consideration the question of passing title to a corporation. And in passing upon said question the court said:

"The title to the corporate assets is in the corporation. Neither the legal nor equitable title thereto is in its stockholders. The ownership of shares of stock is but the ownership of the right to participate from time to time in the management and net profits of the business. 26 Am. & Eng. Enc. of Law. 899. In Gibbons v. Mahon, 136 U. S. 557, 10 Sup. Ct. 1058, 34 L. Ed. 525, the court said: 'The distinction between the title of a corporation and the interest of its member or stockholder in the property of the corporation is familiar and well settled. The ownership of that property is in the corporation. and not in the holders of shares of its stock. The interest of each stockholder consists in the right to a proportionate part of the profits whenever dividends are declared by the corporation. during its existence under its charter. and to a like proportion of the property remaining, upon the termination or dissolution of the corporation. after payment of its debts. Van Allen v. Nolan, 70 U. S. (3 Wall.) 573. 584. 18 L. Ed. 229. 234; Delaware Railroad Tax. 85 U. S. (18 Wall.) 206, 230, 21 L. Ed. 888. 896: * * *'" etc., citing other cases.

Under the authorities just cited, when the defendants transferred the title of the mining property from themselves to the corporation organized by them, the transfer became a complete transfer of all right, title. and interest which said defendants had in the property, and the title to all of said property then vested in the corporation. The assignment states that a sale was made of said mining property to the corporation, and we see no good reason why we should hold otherwise than that a real sale was made, and under the terms of the written agreements which were pleaded by plaintiff, and admitted by defendants. a sale of the property was made, and under the terms of the contract, when a sale of said property was made, the balance of the purchase price becomes due and payable.

This was purely a question of law to be considered by the trial court.

The only question before the court was the contruction of certain instruments in writing. This court held in the case of Makins v. Shellenbarger, 144 Okla. 58, 289 P. 716:

"Where, in a suit by lessor against lessee to cancel a lease containing terms set out in paragraph 2 above for failure to develop and failure to pay the minimum rental or royalty for the first two years of the term, and where the defendant, by answer, admits the lease and defends only upon the ground that said minimum rent is not to be paid under the lease until either the expiration of the five years, or the lease shall have reached a productive period, it is not error for the trial court to sustain plaintiff's motion for judgment on the pleadings."

The rule just quoted is squarely in point and can be applied to the case at bar.

The motion for judgment upon the pleadings should only be sustained where there is no question of fact presented before the court, but the same is properly a question of legal construction.

In the case at bar the only question before the court was a construction of the instruments which were the basis of plaintiff's suit, and under the rule of the case announced, supra, we hold that the court did not commit reversible error in rendering judgment upon the pleadings.

Defendant in error prays judgment upon the supersedeas bond set out in the record. It is therefore ordered that the defendant in error have and recover from Fred J. Childress, Alf G. Heggem, principals, and their surety, National Surety Company, the sum of $3,000, with interest at the rate of 6 per cent. per annum from the 8th day of February, 1928, and costs in accordance with the judgment of the trial court herein affirmed.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.