STATE ex rel. BOWEN v. SCRUGGS et al.

Nos. 30231, 30232. June 23, 1942.

*127 P. 2d 152.*

Chas. L. Yancey, G. C. Spillers, and Kavanaugh Bush, all of Tulsa, for plaintiff in error.

Looney, Watts & Fenton, of Oklahoma City, for defendant in error Standard Accident Insurance Company.

Maurice M. Thomas, of Oklahoma City, for defendants in error National Surety Corporation, Central Surety & Insurance Corporation, United States Fidelity & Guaranty, Hartford Accident & Indemnity, New Amsterdam Casualty Company, and Maryland Casualty Company.

RILEY, J. On May 11, 1939, the State of Oklahoma ex rel. W. S. Bowen commenced an action in the district court of Oklahoma county, against Ray M. Scruggs, former treasurer of the board of education of the city of Oklahoma City, National Surety Corporation and other surety companies, who were sureties on the bonds of Ray M. Scruggs, as such treasurer, during certain periods from about July 1, 1935, to June 30, 1938, and the board of education of said city. The action is what is known as a "taxpayer's" suit and is for the recovery of money for and on account of alleged illegal registration and payment of certain warrants covering the period of time between July 1, 1935, and June 30, 1938. On the same day a similar action was commenced by the same plaintiff against Ray M. Scruggs, the National Surety Corporation, and other surety companies, and the board of education to recover money for alleged illegal registration and payment of certain warrants of the board of education covering the period from July 1, 1934, to June 30, 1935.

Demurrers to the petitions, as finally amended, were filed upon the general ground that the petitions as amended did not state facts sufficient to constitute a cause of action against defendants or any of them, and the specific ground that the petitions as amended showed upon their face that the plaintiff's alleged causes of action and each of them was barred by the statute of limitations. Separate demurrers as to each count or cause of action, based upon the same grounds, were filed. The demurrers were sustained; plaintiff elected to stand upon the petitions, and judgment was entered dismissing the causes of action.

Plaintiff has appealed both cases; they are consolidated and briefed together.

The sole question in each case is whether the court erred in sustaining the demurrers.

We first consider the petition in cause No. 30232, since it covers the earlier period of time from July 1, 1934, to June 30, 1935. There are 21 counts in the petition. The first 20 counts are based upon alleged registration and payment of alleged illegal warrants. The 21st count is based upon alleged payment of interest on warrants. Each of the 20 counts involves a warrant or group of warrants apparently issued against appropriations for different departments. For example, count 1 is based upon the registration and payment of 24 warrants issued in payment of the salary of Frank Wilkins, attorney for the board of education, twelve such warrants during the year 1934 and twelve for the year 1935.

Plaintiff groups the counts into three classes: (1) Appropriations under which various warrants were issued, registered, and paid were exhausted; (2) alleged want of authority under the statutes and decisions for the issuance, registration, and payment of warrants; and (3) warrants which were allegedly issued, registered, and paid out of appropriations made for a different purpose. It is not contended that all of the warrants involved come within all three of the alleged irregularities, but it is claimed that all warrants specified in the petition come within at least one of such alleged irregularities.

Plaintiff asserts that this action is brought under the provisions of 70 O. S. 1941 §§ 132 and 133. Section 133 provides the conditions under which an action authorized by section 132 may be instituted and maintained by a taxpayer. The applicable provisions of section 132 are:

"Every officer of any school district who shall hereafter order or direct the payment of any money or transfer of any property belonging to school district in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for any school district, by any officer or officer(s) thereof, and every person having notice of the facts with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose bene-

fit such money shall hereafter be paid, or such transfer of property shall be made, shall be jointly and severally liable . . . to the school district affected for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty to be recovered at the suit of the proper officers of such school district, or of any resident taxpayer thereof, as hereinafter provided."

The petition alleges that all of the acts of Scruggs, treasurer, relied upon, were performed between July 1, 1934, and June 30, 1935, and the record shows that the action was not commenced until May 11, 1939. The question of whether the action is barred by the statute of limitations is presented. But in view of the conclusion we have reached on the other ground of the demurrer, we consider it unnecessary to discuss the question of limitations.

We then consider the demurrer as going to whether the amended petition states facts sufficient to constitute a cause of action in favor of plaintiff and against defendants.

In this connection defendants cite Board of Education of Oklahoma City v. Cloudman, 185 Okla. 400, 92 P. 2d 837. Therein it is held:

"The act of a treasurer of an independent school district in paying a warrant fair on its face and duly drawn on an existing appropriation is purely ministerial and he is under no legal duty to examine into the legality of said appropriation and, in the absence of bad faith, is not personally liable to the district merely because the appropriation is later declared illegal by the court."

And:

"A petition which merely alleges in effect that certain warrants were issued to certain persons for services rendered and supplies furnished to a school board during the protest period for purposes enumerated in section 12315, O. S. 1931, 68 Okla. Sta. Ann. § 341, and that such warrants were issued against approved appropriations which were subsequently held to be illegal and invalid in another action, does not state a cause of action in favor of the school board against the persons receiving such warrants in a suit brought by the school board to recover on said warrants, and the trial court properly sustained a general demurrer to such petition."

We deem it unnecessary to go at length into the allegations of plaintiff's petition. It is sufficient to say that in every instance, except the item of interest, the plaintiff relies upon registration of warrants which it alleges were invalid for one of four reasons: (1) That as to certain warrants involved there was no authority at law for their issuance, registration, and payment; (2) that certain warrants were issued, registered, and paid out of an appropriation for different and separate purposes than the class in which such warrants properly belong; (3) that certain warrants, which it is alleged were issued in amounts of $200 or less, representing expenditures of the school board, where the law required competitive bidding or advertising for bids, and that such warrants were issued in such smaller sums to avoid calling for bids; and (4) that as to certain warrants the appropriations under which they were issued had been exhausted.

The first three classes come clearly within the rule stated in the Cloudman Case, supra. Thereunder no liability could attach to the treasurer on account of his acts. Plaintiff asserts that the Cloudman Case should be overruled, but we see no occasion so to do.

This disposes of all warrants except those in class 4. In the first count of plaintiff's petition it is alleged that the appropriation for the fiscal year 1934-35, for legal services, was overdrawn eight cents (8c) by the last warrant issued against the appropriation; that is, plaintiff alleged that the total appropriation for that purpose for said fiscal year was $2,818, and that warrants were issued in the total sum of $2,818.08. But examination of the appropriation shows the appropriation was $2,818.08, the exact total amount of warrants issued and registered. This is the only allegation of exceeding the ap-

propriations in case No. 30232. The other class of warrants attacked in this case were payments of interest made during the fiscal year 1934-35. The same interest payments are attacked in cause No. 30231. Consideration thereof will be given in that case.

There was no error in sustaining the demurrer on the ground that the petition as amended did not state facts sufficient to constitute a cause of action against defendants, and the judgment is affirmed.

We next consider the appeal in case No. 30231.

What we have said as to the various warrants involved in class Nos. 1, 2, and 3 applies to all warrants falling in similar classes in case No. 30231. Under the rule announced in the Cloudman Case, supra, as applied to the treasurer of the school district, it is applicable here. That is, that the act of a treasurer of an independent school district in paying a warrant fair on its face drawn on an existing appropriation is purely ministerial and he is under no legal duty to examine into the legality of said appropriation.

The same would be true as to the act of such treasurer in registering such warrants. In fact, the rule stated in the Cloudman Case, supra, would apply with greater force in that there is no allegation or claim that any of the warrants involved were issued or registered during the protest period in violation of the provisions of 68 O. S. 1941 § 341.

There is no allegation that any one of the warrants in question was not regular and fair on its face.

In this case plaintiff assails the registration and payment of certain warrants as being in excess of the appropriation made and approved for the purpose for which said warrants were issued.

In count 4 of the amended petition plaintiff alleges that the total appropriation for salary of the board's auditor for the fiscal year ending June 30, 1936, was $2,434.47, but that expenditures for that purpose for said fiscal year were $2,500, which exceeded the appropriation to the extent of $65.53. Plaintiff attaches as an exhibit a list of warrants issued and registered during said fiscal year amounting to $2,500.

This allegation and exhibit standing alone would show an excess expenditure in the sum of $65.53. But reference to another exhibit (No. 10) attached to the petition, purporting to show the amount appropriated for said fiscal year, shows the appropriation for said year for said purpose to be $2,500. The exhibits clearly refute the allegation.

It is well settled that where exhibits are attached to a pleading in aid of its allegations, the exhibits control if there be any discrepancy between the allegations and the exhibit.

In count 23 there are allegations of an appropriation for playground directors, for the fiscal year 1935-36, in the sum of $4,170.88, and total warrants registered aggregating $4,455, showing excess warrants or overexpenditure of $284.12, and a further overexpenditure of $80.20.

Again reference to the exhibit No. 10 shows the appropriation (S. 14 a) for playground directors' salaries for said fiscal year was $7,840.20. Exhibit No. 31, the list of warrants against said fund, shows an aggregate of $7,840. Again the exhibit refutes the allegations of overexpenditure in the same fund on account for the fiscal year 1936-37, in that the appropriation was $11,350 and total expenditure of $11,497.25, an excess expenditure of $147.25. Again reference to the exhibit showing the appropriation for said purpose for said year discloses an appropriation of $11,497.25, the exact total amount of warrants drawn against said account.

This disposes of all the allegations of warrants registered in excess of appropriations.

There is left for consideration only the allegations in respect to count 29,

wherein it is alleged in substance that during the fiscal years 1934-35, 1935-36, 1936-37, and 1937-38, defendant Scruggs, as such treasurer, registered and paid warrants aggregating $21,227.12, in payment of interest on various warrants, without an appropriation and in excess of appropriations made for such purpose. There is no list of such warrants attached to the petition. Plaintiff cites no authority in support of the allegations as to this count.

The question appears to be settled adversely to plaintiff's claim in Kurn et al. v. Helm, 182 Okla. 260, 77 P. 2d 552. Therein it is held:

" 'Interest' on warrants is allowable, even in the absence of an appropriation therefor."

Until overruled, the rule there stated is the law and the treasurer of the school board is not liable for registering and paying the warrants, if there were in fact such warrants issued in payment of the interest.

Concluding, as we have, that the petition as amended did not state facts sufficient to constitute a cause of action against defendant Scruggs, or his sureties, it is unnecessary to discuss the question of the statute of limitations.

The judgment is affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and HURST and ARNOLD, JJ., absent.