McCLAIN et al. v. OKLAHOMA CITY et al.

No. 30537. Jan. 19, 1943.

*133 P. 2d 198.*

Charles Hill Johns and John Barry, both of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Asst. Municipal Counselor, both of Oklahoma City, for defendants in error.

HURST, J. This case involves the title to oil and gas in and under land purchased by Oklahoma City and dedicated by it for street purposes.

Lincoln boulevard is a street in Classen's North Highland Parked addition to Oklahoma City. It runs north and south. On November 12, 1921, the city of Oklahoma City purchased from the original dedicator the fee-simple title to a strip of land adjoining the street on the west, and by dedication made it a part of the street. The addition of this strip to the street made it a wide boulevard, with paved traffic lanes on the east and west sides, and a wide unpaved strip in the center. This unpaved strip is divided into "islands" by intersecting streets. On December 27, 1922, the McClains bought from the original dedicator a part of lots 1 and 2, in block 10 of the addition. The land so purchased was on the west side of Lincoln boulevard and abutted upon the strip purchased and dedicated by the city, which constituted the west half of the street. On February 6, 1940, the city leased the strip to Kerlyn Oil Company for oil and gas purposes, and that company and Phillips Petroleum Company, which acquired an interest in the lease, drilled a producing well on one of the islands in the street. On October 26, 1940, the McClains brought this action, asserting title to a part of the oil and gas produced from the well on the theory that the city acquired the strip for street purposes; that it had a mere easement in the west half of the street; that the lease made by the city was void; and that they were the owners in fee of the portion thereof upon which their lots abutted. The trial court sustained a general demurrer to their amended petition in which the facts above stated were set forth. The McClains elected to stand thereon, and the trial court dismissed the action. The McClains appeal.

It is contended that, the land having been acquired by the city for the purpose of making it a part of the street, the title to the minerals under that part of the strip upon which their lots abut did not pass to it by the deed of conveyance, but remained in the original dedicator, and vested in the McClains by the conveyance to them. It is not contended that the deed to the city contained any limitation as to the quality of estate conveyed, or any restriction as to its use by the city. In the briefs the defendants assert, and the McClains assume, that the deed contained none.

By 11 O. S. 1941 § 568, the right to purchase, hold, and convey property generally is conferred upon cities. By 11 O. S. 1941 § 171, cities are expressly authorized to acquire by purchase land necessary for street purposes. It is generally held that a clause in a deed to a municipality reciting that the property is conveyed for street or other public purposes does not qualify or limit the estate. Restatement, Property, § 49, comment M; 47 A. L. R. 1174, note; L. R. A. 1918B, 696, note; 19 Am. Jur. 496; 10 R. C. L. 652; 21 C. J. 922. It follows that such a title is not a limited one where the deed is silent as to the purpose of the grant. The title to the minerals was by the conveyance to it vested in the city, and the city had the right to take them from the strip in any manner consistent with its use for street purposes. Langston City v. Gustin, 191 Okla. 93, 127 P. 2d 197; Des Moines v. Hall, 24 Iowa, 234; Matthiessen & Hegeler Zinc Co. v. City of La-Salle, 117 Ill. 411, 2 N. E. 406, 8 N. E. 81; 5 A. L. R. 1498, note. The subsequent dedication of the strip by the city did not divest it of its title to the minerals, and their status if and when the street is vacated is not involved. Langston City v. Gustin, above.

In City of Leadville v. Bohn Mining Co., 37 Cold. 248, 86 P. 1038, Tousley v. Galena Mining & Smelting Co., 24 Kan. 328, and other cases relied upon by the McClains, the courts held that under the particular statutes construed the dedication of the street therein involved did not pass the fee title thereof to the city. We do not consider those cases applicable.

2. Plaintiffs alleged in their amended petition that the city officers have construed the laws of the state, and dedicatory grants of land for street purposes made under them, as vesting titles to minerals under the city streets in abutting property owners, and that

by reason of such construction the city is estopped to deny their ownership of the minerals under the portion of the street upon which their property abuts. They contend that such averment in the amended petition made it good against the demurrer. The cases cited in support of this contention (State ex rel. Reardon v. Hooker, 26 Okla. 460, 109 P. 527, and McCain v. State Election Board, 144 Okla. 85, 289 P. 759) follow the rule that where the meaning of a statute is doubtful, the construction placed upon it by the officers charged with its enforcement is entitled to be considered by the courts when called upon to interpret such statute. We do not consider them applicable. Here the statute is plain. Furthermore, the amended petition does not state facts sufficient to constitute an estoppel in the instant case. It alleges that such construction was first placed upon the statutes by the city officers in 1928, long after plaintiffs had purchased their property, and it wholly fails to state any facts showing that plaintiffs were deceived or misled thereby. Such allegations are essential in a plea of estoppel. Frost v. Davis, 182 Okla. 593, 79 P. 2d 600.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.