BILLINGSLEA et al. v. BILLINGSLEA.

No. 31452. Oct. 10, 1944.

152 P. 2d 276.

Herman S. Davis, of Mangum, for plaintiffs in error.

T. M. Robinson, of Altus, and R. L. Christian, of Frederick, for defendants in error.

OSBORN, J. The defendant in error, herein referred to as plaintiff, brought suit against the plaintiffs in error, hereinafter referred to as defendants, on three promissory notes.

It appears from the record that plaintiff had theretofore obtained the care and custody of the minor children in a divorce action, and the defendant therein, Elmer O. Billingslea, Jr., had filed an application to modify said order, and in settlement of said application a stipulation and agreement had been entered into, and the notes herein sued on were executed and delivered.

The petition contains three causes of action. It appears from such petition that on the 8th day of March, 1940, the defendants executed and delivered three notes, payable to plaintiff in the following sums: $150 due September 15, 1940, on which $25 had been paid; $250 due January 1, 1941; $250 due September 15, 1941. The plaintiff prayed judgment against the defendants for the amount of the notes, interest, and attorney's fee.

The defendants, in their answer, admit the execution and delivery of the notes, but alleged that they were executed in conformity with a stipulation entered into by the plaintiff and the defendant Elmer O. Billingslea, Jr., in a divorce action pending in the district court, which contained the following provision.

"That the plaintiff herein shall have the exclusive care, control, and custody of the two minor children involved in this action, and that the defendant herein shall have the privilege of having said children visit him for a period of one week during the summer of each year."

The defendants further alleged that the said provision constitutes the consideration for said notes, and that the plaintiff has wholly failed, refused, and neglected to observe and comply with the terms of the contract in that she refused to permit said minor children to visit the defendant Elmer O. Billingslea, Jr., as by the express terms of said contract she had agreed to do, and a short time after the execution of said contract and notes the plaintiff removed said minor children to Raymondville, Texas, out of the jurisdiction of this court, that by reason of the acts and conduct of the plaintiff as above set forth the consideration for said notes had wholly failed and plaintiff was not entitled to recover thereon.

Plaintiff's motion for judgment on the pleadings was sustained, and it is from such judgment the defendants appeal.

If the petition states a cause of action and the answer fails to set up a legal defense, judgment on the pleadings for plaintiff was properly rendered. Baker v. Gaines Bros. Co., 65 Okla. 192, 166 P. 159. Oliphant et al. v. Crane, 70 Okla. 38, 172 P. 1073.

The allegations contained in the answer as to the consideration are in conflict with the allegations of the stipulation, a copy of which is attached to the answer as an exhibit. What constitutes the consideration for the notes must be determined from a consideration of the stipulation. The construction of the stipulation is purely a question of law for the court. Childress et al. v. Hinch, 162 Okla. 296, 20 P. 2d 571. The stipulation contains the following:

"It is further agreed and stipulated that the plaintiff is to accept the sum of Seven Hundred Fifty ($750.00) and no/100 dollars in full and complete settlement of all claims that she may have against the defendant for the maintenance and support of said children, and that she is to accept said payment as follows:

"The sum of $100.00 in cash, to be paid on the 8th day of March, 1940, and one promissory note in the sum of $150.00, to be executed on the 8th day of March, 1940, and made due and payable on or before the 15th day of September, 1940; one promissory note in the sum of $250.00, dated the 8th day of March, 1940, and due and payable on or before the 1st day of January, 1941; and one promissory note in the sum of $250.00, due and payable on or before the 15th day of September, 1941, said notes to be signed by the defendant as principal and by Elmer O. Billingslea, Sr., as surety.

"And upon the execution and delivery of said notes, all claim heretofore existing by reason of the order heretofore entered by this court is to be merged in said notes and in said settlement."

From an examination of the stipulation it must be determined that the notes were not given for the right to have the children visit the father but were given in settlement of sums of money due the plaintiff under the former order of the court. The exhibit attached controls over the allegation of the pleading. State ex rel. Bowen v. Scruggs, 191 Okla. 108, 127 P. 2d 152.

It does not appear that the answer herein contained allegations constituting a defense. The court correctly rendered judgment on the pleadings.

Affirmed.

WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.