The CHOCTAW AND the CHICKASAW
NATIONS, Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS
OF LOVE COUNTY, OKLAHOMA,

and

Texaco Inc., a corporation, Defendants.

Civ. No. 5556.

United States District Court
E. D. Oklahoma.

March 23, 1965.

W. F. Semple, Tulsa, Okl., for Choctaw
and Chickasaw Nations.

Kenneth D. Bacon, County Atty., Love
County, Marietta, Okl., for Board of
County Com'rs.

J. Frederick Lawson, and Kelsey
Hutchinson, Tulsa, Okl., for Texaco, Inc.

DAUGHERTY, District Judge.

Plaintiffs, the Choctaw and the Chick-
asaw Nations, bring this action to quiet
title as against the Board of County Com-
missioners of Love County, Oklahoma,
insofar as mineral rights are concerned
in a seven-acre tract of land.

It is stipulated that the Board ac-
quired the tract by deed of patent issued
by the Choctaw and the Chickasaw Na-
tions on April 24, 1915, by an instrument
entitled "Cemetery Patent 23" and recit-
ing that it had been made pursuant to
the Act of Congress of June 30, 1913 (38
Stat. 77–96). It is also stipulated that
on March 30, 1957, the Board, as lessor,
executed an oil and gas lease covering
the cemetery tract and that later the de-
fendant, Texaco, by assignment dated
March 11, 1959, became the sole owner
of this lease.

It is further stipulated that on April
11, 1961, the plaintiffs, as lessors, execut-
ed an oil and gas lease covering the
cemetery tract, and that later, by as-
signment dated May 24, 1961, the de-

fendant, Texaco, became the sole owner of this lease.

Because of the conflicting claims of plaintiffs and the Board to the mineral rights, Texaco has not paid out any royalties attributable to said tract. The parties all agree that Texaco should be permitted to hold said royalties without interest until the ownership of the mineral interest in question has been finally determined.

The parties all agree that a formal trial is unnecessary and that the Court may decide this case on the basis of the stipulations, the instruments attached to the stipulations, and the briefs submitted by the plaintiffs and the defendant, Board.

The plaintiffs claim that the Board of County Commissioners did not receive any mineral rights when the Board acquired the tract by deed of patent issued by the plaintiffs. The plaintiffs base their argument on the fact that the granting clause of the deed is followed by the words " * * * for cemetery purposes only." Their argument also relies on the 1935 opinion of the Attorney-Adviser, in the office of the Superintendent of the Five Civilized Tribes, which states: "It is therefore the opinion of this office that the conveyances by the Tribes or Nations did not convey the mineral rights under said reserved tracts."

On the other hand, the defendant Board claims that the use of the words in the deed, "for cemetery purposes only", would not be sufficient to reserve the minerals in the grantor. Said defendant cites 19 Am.Jur., Estates, § 73, note 15:

"A grant of land for full consideration to a cemetery corporation, which has power to hold land for burial purposes only, conveys a fee subject to alienation, although the deed limits the use to such purposes, if no interest is reserved to the grantor and there is no provision for reversion."

The Tenth Amendment gives to the States the exclusive right to legislate concerning state lands within their borders. Sunderland v. United States, 266 U.S. 226, 45 S.Ct. 64, 69 L.Ed. 259, affirming 10 Cir., 287 F. 468. The transfer, control, and disposition of land is subject to the exclusive jurisdiction of the state. In the State of Oklahoma it is the law that "[e]very estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." 16 Okl.St.Ann. § 29.

In Boylan et al. v. Lillard, C.A.10th, 174 F.2d 572 (1949), the question presented was whether a quitclaim deed conveyed the mineral interest reserved in the warranty deed. The court noted that the recital in the quitclaim deed with respect to the release of the vendor's lien was merely a recital of the purpose for which the quitclaim deed was given. The court held:

"But a declaration of the purpose for which the conveyance is made or for which the granted land is to be used, without more, does not limit the estate granted.

"It is true that under the Oklahoma decisions, in arriving at the intent of the parties, the whole instrument will be considered, but the quitclaim deed must be construed with due consideration given to § 29, supra (16 Okl.St.Ann. § 29). Here, there was no express limitation of the granting clause or of the habendum clause. The recital relied upon was merely of the purpose for which the quitclaim deed was given. It does not purport expressly or impliedly to limit either the granting clause or the habendum clause which were unqualified."

Also see Whitman v. Harrison et al., Okl., 327 P.2d 680, and Rose v. Cook, 207 Okl. 582, 250 P.2d 848.

In Lindauer v. Hill et al., (1953) 262 P.2d 697, the Oklahoma Supreme Court held that a clause in a deed to a municipality reciting that the property is conveyed for street or public purposes does

**652**

not qualify or limit the estate. In deciding the case, the Court relied on McClain v. Oklahoma City, 192 Okl. 4, 133 P.2d 198, 200, from which it was quoted:

"'* * * that a clause in a deed to a municipality reciting that the property is conveyed for street or other public purposes does not qualify or limit the estate', citing and approving the rule contained in 47 A.L.R. 1174 note, wherein it was stated as follows:

"'* * * the mere recital in a deed, or other instrument, that the land is conveyed for cemetery purposes, does not operate as a condition subsequent for a breach of which, by use of the land for other purposes, the grantors or his heirs would be entitled to reenter. * * *'"

■■ Therefore, it is the opinion of the Court that the mere recital in a deed that the land is conveyed "for cemetery purposes only" does not operate to reserve the mineral rights in the grantor under Oklahoma law. To make the estate conditional, or to reserve a right, appropriate language must be used to clearly show such as intent.

Thus, after the deed to the county was executed, no title or estate remained in the grantor. The basis of this reasoning is that the courts are reluctant to construe a deed so as to convey an estate on condition, unless the intent of the grantor to make a condition is clearly and unequivocally indicated.

■ Where lands are granted for charitable or religious purposes, the general rule is that subterranean deposits of minerals pass with the fee and do not remain in the grantor. Macan v. Scandinavia Belting Co., 264 Pa. 384, 107 A. 750, 5 A.L.R. 1502; Barker v. Hazel-Fain Oil, (1920) Tex.Civ.App., 219 S.W. 874.

■ The parenthetical expression in the grant, "for cemetery purposes only," was a limitation of the use to which the lot was to be put, and not a limitation of the title. Therefore, judgment should be entered for the defendant, Board of County Commissioners of Love County, Oklahoma, holding such Board to be the rightful owner of the mineral rights in and under the land in question. Counsel for the defendant, The Board of County Commissioners, is directed to prepare a judgment for the Court's signature and entry herein.