Ames L. GILL, Plaintiff in Error,

v.

Dominic GIACOMO and The Texas Company,
a Foreign Corporation, Defend-
ants in Error.

No. 42779.

Supreme Court of Oklahoma.

July 6, 1971.

Baumert & Cornish, McAlester, for
plaintiff in error.

Fred W. Whetsel, McAlester, for de-
fendant in error Dominic Giacomo.

Elmer W. Adams, Tulsa, for defendant
in error The Texas Co.

JACKSON, Justice:

This appeal involves an action in ejectment brought by Ames L. Gill, plaintiff, against defendants, Dominic Giacomo and The Texas Company (Texaco). The trial court (1) overruled plaintiff's motion to make the State of Oklahoma and the City of McAlester additional party defendants, (2) rendered judgment for defendants, Giacomo and Texaco on the pleadings, and (3) overruled plaintiff's motion for new trial and (4) motion to amend his pleadings filed subsequent to judgment. Plaintiff appeals and asserts that the trial court erred in overruling his motions and entering judgment for defendants. We affirm the judgment of the trial court.

It is necessary that the pleadings be stated in chronological order and in substantial detail in order to clarify the issues.

The pleadings show that plaintiff Gill acquired title to Blocks 505 and 554 in the City of McAlester in 1948. Blocks 505 and 554 are adjacent to and east of 19th Street in McAlester which runs generally north and south.

In 1955 Gill executed a "Dedication Deed" to the State of Oklahoma covering all of the west end of Block 505 which abutted upon 19th Street. This deed also conveyed a portion of Block 554 which is south of Block 505. The deed recites that the land was conveyed to the State "for the purpose of establishing thereon a public highway or facilities necessary and incidental thereto."

When the new highway (U.S. 69) was constructed it ran generally north and south (curving to the southeast) across the west end of Block 505 and occupied a portion of 19th Street which had been vacated by the City of McAlester after the State had acquired its deed.

In plaintiff Gill's petition in ejectment he alleged that he was the owner of that portion of the East one-half of 19th Street west of the Highway's west boundary (adjacent to the west end of Block 505) and the defendants, Giacomo and Texaco, were in possession of the portion claimed by him

and were using it for their own purposes without his consent.

Giacomo and Texaco filed separate answers, attaching copies of the State's "Dedication Deed" and alleged in substance that when the City of McAlester vacated 19th Street the fee title to the east half of 19th Street reverted to the adjacent land owner, the State of Oklahoma. Defendants did not deny that they were occupying a portion of the east half of 19th Street and using it in connection with their service station.

Plaintiff Gill filed replies to defendants' answers and admitted that he executed the deed to the State as set forth in their answers, but denied that he in fact had deeded away all of his title to the east half of 19th Street, and denied defendants' interpretation of his deed to the State.

Texaco filed motion for judgment on the pleadings asserting that plaintiff's reply admitting his deed to the State constituted an admission that plaintiff Gill did not own the East half of 19th Street. Texaco and Giacomo filed motions for summary judgments, asserting in substance that the pleadings show no substantial controversy as to any material facts as between the parties.

Two days before the case came on for jury waived trial plaintiff Gill filed a motion to make the State and the City of McAlester additional parties defendants, asserting: (1) defendants allege title in the State of Oklahoma; (2) the City of McAlester is claiming an interest in the vacated 19th Street (Ordinance No. 1028 attached); and (3) that this is a controversy in which the rights of all of the parties may be adjudicated in one proceeding. He prayed that the State and the City of McAlester be made defendants and "be required to show what interest, if any, they have in the said real property in question."

The Journal Entry of Judgment recites that Motion for Judgment on the Pleadings, Motions for Summary Judgments, and Motion to Make Additional Parties

Defendant, had been filed in that chronological order. It recites that the Court ruled that the motions would be taken up in the order in which they were filed. It then shows that, after hearing counsel, Texaco's Motion for Judgment on the Pleadings was sustained in its entirety as to both defendants. Motions for Summary Judgments were not passed upon because the court stated it had already rendered judgment on the pleadings for both defendants. Plaintiff Gill's motion to make the State and City of McAlester parties defendants was overruled. The concluding sentence of the Journal Entry of Judgment states: "The State of Oklahoma is the fee title owner of the surface of the disputed property in question." We have no record of the trial proceedings, other than as reflected in the Journal Entry of Judgment. The Journal Entry of Judgment makes no reference to an affidavit signed by Gill and filed with the clerk of the court on the same day the court rendered its judgment. The affidavit states that plaintiff Gill was led to believe, by letter, that he was conveying an easement to the State rather than a fee title, and that he had no intention of granting any interest in the property other than for use as a highway. The letter from the State's right-of-way agent, attached to Gill's affidavit, explains the need for "the *acquisition* of a part of your property"; explains how "the amount offered in the claims and *deeds* were arrived at"; and requested that "the enclosed claims and *easements* be completed with the proper acknowledged signatures and returned at your earliest convenience" (emphasis supplied)

The day after judgment was rendered against him, plaintiff Gill filed motions for new trial and for permission to amend his petition and his reply. At the same time Gill filed an amendment to his petition alleging in effect that the defendants had erected in (vacated) 19th Street a nuisance which impaired access to his property in Block 554. In his amended reply, filed after judgment, Gill alleged it was his intention and that of the State for him to convey merely an easement, and that he was led to believe by the State's right-of-way agent that the only easement to be conveyed by him (in the Dedication Deed) was the area between the boundary lines of Highway 69.

The post-judgment motions and pleadings were considered by the court two months subsequent to the rendition of judgment, and we have a record of the arguments of counsel and the remarks and decision of the court. Plaintiff Gill renewed his motion to make the State and the City of McAlester additional parties defendants, and stated to the court "We would like to get out of this law suit and bring another law suit and then come back and bring another law suit against him." We assume the plaintiff wanted the court to vacate its judgment and permit him to bring a quiet title action against the State and City, and ejectment against Giacomo and Texaco. In Texaco's argument (not repudiated by Giacomo) it was said on two occasions that an order overruling motion for new trial and denying the other relief requested by Mr. Gill "will not affect his rights to file a petition in this Court against the State Department of Highways asking this court to reform the deed, and then when he gets his deed reformed, then he can come against us with this type of law suit."

We hold that the trial court on its own motion or on motion of plaintiff Gill, could have ordered the State Highway Department and the City of McAlester brought in as defendants and permitted Gill to amend his pleadings for reformation of his Dedication Deed to the State of Oklahoma. However, the State of Oklahoma and the City of McAlester were not interested in the subject matter of the action as pleaded since they would lose none of their rights by any judgment the court might render. In Missouri, K. & T. R. Co. v. Lynn (1916), 62 Okl. 17, 161 P. 1058, we quoted with approval from Armstrong v. Poland, 56 Okl. 663, 156 P. 220, as follows:

"The first assignment, that 'the court erred in refusing to make additional

parties defendant,' cannot be sustained. The cases relied upon by counsel are not in point, for the reason that in those cases the parties sought to be brought into the case were interested in the subject-matter of the action. Not so in this case. It would have been entirely proper, and perhaps the better practice, to have brought the parties in, and certainly for the best interests of the defendant, but there is no statute requiring the court to comply with the motion. The statute (section 4696, Rev.Laws 1910) is only mandatory where 'a determination of the controversy cannot be had without the presence of the other parties.' No such state of facts exist here. It was discretionary with the trial court, and we cannot say that there was an abuse of discretion."

It is noticed that plaintiff Gill's proposed post-judgment amendments to his pleadings did not purport to state a cause of action against the State and the City of McAlester. His pleadings were that the State and City should be made defendants and "be required to show what interest," if any, they have in the said real property in question.

In Nix v. Green (1923), 95 Okl. 247, 219 P. 380, Nix had clouded the title to real property by filing an affidavit claiming an interest in the land. The record owners, Green and Moore, brought an action to remove the cloud and quiet their title. Nix requested the court to permit him to name two additional defendants and require them to answer his cross-petition. The court overruled this request and entered judgment for plaintiffs on the pleadings. In the body of the opinion we said Nix's answer and cross-petition were not sufficient to constitute a cause of action in favor of Nix and against the proposed defendants, and the trial court properly overruled the motion to make additional parties defendant and in entering judgment on the pleadings.

 In Gill's proposed amendment to his petition, designated by him as a "Second Cause of Action", he was attempting to bring a new action not related to his first cause of action which had already been litigated. Since Gill's "Second Cause of Action" based upon public and private nuisance has not been litigated he may still bring that type of an action if he so elects. The trial court did not err in overruling Gill's motion to amend his petition. Reynnolds v. Schmidt, 118 Okl. 161, 247 P. 110, Donnelly v. Atkins, 130 Okl. 33, 264 P. 911.

The trial court did not err in denying Gill's request to make the State of Oklahoma and City of McAlester additional parties defendants. This is especially so after Texaco suggested before final judgment (not repudiated by Giacomo) that Gill could "come against us" after having the Dedication Deed reformed.

 We also hold that the trial court did not err in rendering judgment for defendants Giacomo and Texaco on the pleadings. The pleadings and the deed disclose no material disputed question of fact. Childress v. Hinch, 162 Okl. 296, 20 P. 2d 571. The "Dedication Deed" is an ordinary warranty deed, amended to suit the particular needs of the State Highway Department. The granting clause contains the words "grant, bargain, sell, convey and dedicate". It conveys the land and not merely a right of way over the land. Aside from a reservation of the minerals by Gill, no exception or reservation is stated. There is no reverter clause and no remainder is created. The warranty clause is in the usual form and warrants grantor's fee simple title, with no exceptions. The word easement is not used.

The deed to the State contains the words "for the purpose of establishing thereon a public highway." In the first paragraph of the court's syllabus in Lindauer v. Hill (1935), Okl., 262 P.2d 697, we held:

"A clause in a deed to a municipality reciting that the property is conveyed for street or public purposes does not qualify or limit the estate."

See also McClain v. Oklahoma City (1943), 192 Okl. 4, 133 P.2d 198, 200.

When 19th Street was vacated the State was the owner of Block 505 abutting upon the east side of 19th Street. Title to the east half of 19th Street reverted to the then owner, the State of Oklahoma. McPike v. Avery, 119 Okl. 140, 249 P. 273, Askins v. British-American Oil Co., 201 Okl. 209, 203 P.2d 877.

In an ejectment action the plaintiff must prevail upon the strength of his own title and not upon the weakness of defendant's title. Boepple v. Estill, 174 Okl. 106, 50 P.2d 182, Hodges v. Paschal, 195 Okl. 560, 159 P.2d 715. A plaintiff is not required to have a perfect title, but he must have an estate, legal or equitable, which is paramount to any right of the defendant. Blanchard v. Reed, 67 Okl. 137, 168 P. 664, concurring opinion 418.

We have carefully considered plaintiff's arguments and cases cited in his briefs and have concluded that the trial court did not err in denying plaintiff the relief sought and in entering judgment for defendants.

Judgment affirmed.

DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.